**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PETER MANNA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Respondent.** | **Civil Action No. 14-84 (JLL)**<br><br>**OPINION** |

**LINARES**, District Judge:

Presently before the Court is the motion of Peter Manna ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF Nos. 1, 3). Following an order to answer, the Government filed a response to the motion (ECF No. 8), to which Petitioner has replied. (ECF No. 10). For the following reasons, the Court will dismiss Petitioner's motion to vacate sentence as untimely, and will deny Petitioner a certificate of appealability.

## I. BACKGROUND

On March 1, 2010, Petitioner, Peter Manna, pled guilty to possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket No. 10-126 at ECF No. 19). This Court thereafter sentenced Petitioner to a total sentence of 121 months imprisonment on May 18, 2011. (Docket No. 10-126 at ECF No. 24). Petitioner did not file a direct appeal of his conviction or sentence. (Docket No. 10-126 Docket Sheet). On or about December 30, 2013, Petitioner filed his current motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. Analysis

#### 1. An evidentiary hearing is not required

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented

by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. For the reasons set forth below, Petitioner's motion is clearly untimely based on the record before the Court and no evidentiary hearing is therefore necessary for the resolution of his motion.

**2. Petitioner's § 2255 motion is untimely and Petitioner has presented no basis for equitable tolling**

The Government argues that Petitioner's motion to vacate sentence must be dismissed as it was untimely filed. Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations. *See* 28 U.S.C. § 2255(f). The limitation period begins to run at the latest of the following events: the date on which the petitioner's conviction became final, the date on which an impediment to making the motion was removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). Where the statute of limitations runs from the date on which a conviction became final and the petitioner did not file a direct appeal, the petitioner's conviction becomes final on "the date on which the time for filing . . . an appeal expired." *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir.

2014). A criminal defendant must file his notice of appeal within fourteen days of his sentencing. *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).

In this matter, Petitioner does not contend that there was an impediment to his filing a § 2255 motion,[1] nor does he claim that the facts supporting his claim could not have been discovered before the filing of his motion through due diligence. To the extent that Petitioner asserts that the Court's decision in *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013), provides a later start date for his limitations period, that assertion is without merit as the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *See United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014) (the "decision to make *Alleyne* retroactive rests exclusively with the Supreme Court, which has not chosen to do so"). Thus, Petitioner has therefore not presented any valid basis for the running of the one year limitations period from any date other than the date on which his conviction became final.[2] 28 U.S.C. § 2255(f)(1)-(4).

---

[1] To the extent that Petitioner contends that his trial counsel refused to file a § 2255 motion on his behalf, Petitioner confirms that he was informed that his trial counsel was no longer his attorney, and it is clear that counsel was under no obligation to file on Petitioner's behalf. *See, e.g., Shelton v. Hollingsworth*, Civil Action No. 15-1249, 2015 WL 2400780 at *3 (D.N.J. May 18, 2015) (petitioner has no Sixth Amendment right to counsel in habeas proceedings). At any rate, Petitioner could have filed such a motion *pro se* at any time, and counsel's alleged failure is insufficient to provide a basis for running the statute of limitations from a later date.

[2] Any attempt by Petitioner to argue that his claim arose after his sentencing would also be hindered by his admission in his Petition that the Fair Sentencing Act, which is the basis for his claims "was <u>already in effect</u>" at the time of his sentencing. (ECF No. 1 at 4, emphasis in original). Because this Court gave Petitioner the benefit of the modified sentencing guidelines which followed from the Fair Sentencing Act at sentencing, any suggestion that the Supreme Court's ruling in *Dorsey v. United States*, --- U.S. ---, 132 S. Ct. 2321 (2012) (applying Fair Sentencing Act to those offenders who committed crimes prior to FSA enactment but who were sentenced after its adoption), should affect the running of the limitations period would be without merit as Petitioner essentially received the benefits that would have flowed from *Dorsey* at sentencing. Because *Dorsey* was decided in June 2012, even if this Court were to give Petitioner the benefit of *Dorsey's* date as the onset of the one year statute of limitations, he would still be time barred by some six months. As such, Petitioner is time barred for the reasons expressed below regardless of whether his limitations period ran from the date his conviction became final or the date on which *Dorsey* was issued.

Following the entrance of a guilty plea, Petitioner was sentenced by this Court on May 18, 2011. (Docket No. 10-126 at ECF No. 24). Petitioner, however, did not file a direct appeal. (Docket No. 10-126 Docket Sheet). As such, his conviction became final for the purposes of § 2255(f) fourteen days after he was sentenced, or on June 1, 2011. His one year statute of limitations had therefore run as of June 1, 2012. Petitioner, however, did not file his current motion to vacate sentence until December 30, 2013, some eighteen months after the expiration of the one year statute of limitations. (ECF No. 1 at 8).

Because the one year statute of limitations expired more than eighteen months before Petitioner filed his motion to vacate sentence, his motion must be dismissed as time barred unless Petitioner can show that he is entitled to eighteen months of equitable tolling of the statute of limitations. The statute of limitations for § 2255 motions is subject to equitable tolling. Equitable tolling, however, "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *Johnson*, 590 F. App'x at 179 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Petitioner, in his motion and reply brief, fails to present any valid basis for the equitable tolling of the statute of limitations, and this Court perceives no such basis from the record in this matter. As Petitioner has failed to show that he is entitled to equitable tolling, his motion is clearly time barred and must be dismissed with prejudice as such.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's ruling that Petitioner's motion is time barred and that he has failed to establish a basis for equitable tolling, Petitioner's motion is inadequate to deserve encouragement to proceed further and no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, this Court will dismiss Petitioner's § 2255 motion with prejudice as time-barred, and will deny Petitioner a certificate of appealability. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge